**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
*June 04, 2026*
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | **CRIMINAL NO. 4:26-cr-344** |
| **v.** | § § | **SEALED** |
| **VALENTINE OZIGBOH,**<br>**Defendant.** | § § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNTS 1 - 3
### Wire Fraud
### (18 U.S.C. § 1343)

On or about the dates listed below, in the Southern District of Texas and elsewhere, the

defendant, **VALENTINE OZIGBOH,** aided and abetted by others known and unknown, for the

purpose of executing a scheme to defraud the U.S. Small Business Administration Paycheck

Protection Program (PPP) loan program, did knowingly cause to be transmitted by means of wire

communications in interstate commerce, certain signs, signals, and sounds, described below for

each count, each transmission constituting a separate count:

| Count | Electronic Transfer Date (on or about) | Description of Wire |
|---|---|---|
| 1 | April 7, 2020 | Submission of application for PPP loan from Texas through SBA cloud-based server outside of Texas |
| 2 | April 27, 2021 | Submission of application for PPP loan from Texas through SBA cloud-based server outside of Texas |
| 3 | June 28, 2021 | PPP loan disbursement of $116,775.00 via ACH from Amur Equipment Finance in Nebraska to Texas Dow Employee Credit Union bank account in Texas |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 4
### Engaging in monetary transactions in property derived from specified unlawful activity
### (18 U.S.C. § 1957)

On the date listed below, in the Southern District of Texas and elsewhere, the defendant,

## VALENTINE OZIGBOH,

did knowingly engage in, and attempt to engage in the following monetary transactions in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, by making the following transfers, such property having been derived from specified unlawful activity, namely wire fraud, in violation of Title 18 U.S.C. § 1343, and knowing that the funds involved represented the proceeds of some form of unlawful activity:

| Count | Date | Monetary Transaction |
|-------|------|----------------------|
| 4 | July 12, 2021 | Transfer of $125,000 from Texas Dow Employee Credit Union bank account to Hua Sung Enterprises Limited in Hong Kong, China |

All in violation of Title 18 U.S.C. § 1957.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice that upon defendant's conviction of Counts 1 through 3 of this Indictment, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

2

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice that upon defendant's conviction of Count 4 of this Indictment, the United States will seek forfeiture of all property, real or personal, involved in the money laundering offense or traceable to such property.

### Money Judgment and Substitute Assets

The United States gives notice that it will seek a money judgment against the defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendant up to the amount of the money judgment.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

.
JOHN G.E. MARCK
ACTING UNITED STATES ATTORNEY

*Michael Day*

MICHAEL E. DAY
ASSISTANT UNITED STATES ATTORNEY

3